## Genuardi v. Powell

*James R. Caiola*, for petitioner.
*James M. Love*, trustee, p. p.

KNIGHT, P. J., October 5, 1944.—This is a proceeding brought by Domenica Genuardi under the Act of April 18, 1905, P. L. 202. Her petition recites and testimony at the hearing showed that she together with her

husband, who was her predecessor in title, had had full and undisputed possession of a parcel of land for more than 21 years. The petition averred that the said parcel had been included in a conveyance to William Powel in 1833, and that Powel died in 1854, devising the lot (after a life estate to his widow) in equal shares to eight sons and daughters. This lot, about 38 feet by 85 feet, was a part of the Powel farm, but was never sold when the farm was developed and laid off into lots. Petitioner prays for a rule on 15 respondents, their heirs and assigns, if any, as persons having an apparent interest or title to the real estate to bring their action of ejectment within six months.

After hearing, the court entered a preliminary decree granting a rule "upon William Powel, his heirs and assigns, if any", to bring such action of ejectment, and also ordered that service of the rule be made by publication. The notice published was addressed "to William Powel, his heirs, devisees and assigns, if any".

Upon proof of publication being filed, the court on motion appointed James M. Love, Esq., trustee for 13 named parties, and their heirs and assigns. The rule was served on the trustee, who filed an answer which, except in minor particulars, admitted the allegations of the petition, and also averred under "New Matter" that the advertisement of the proceeding did not comply with the Act of April 18, 1905, P. L. 202, because it did not "contain the names of the parties claiming or having an apparent interest". Upon the filing of a reply by petitioner alleging proper compliance with the act, the matter was placed on the argument list and is now pending for decision.

The question before us, then, is whether the failure to specify the names of all persons having an apparent interest in the real estate renders the service by publication defective where it appears that all such persons are represented by a trustee who is personally served, and who after investigation has decided that such persons have no interest necessary to protect.

Apparently there is no reported case dealing with the form of notice required with regard to respondents in proceedings such as this. In Lorish Estate v. Schmoyer Heirs, 15 Lehigh 106 (1932), an advertisement which designated the "Thomas Lorish Estate" as the name of the party in possession was held defective, as an "estate" is a legal nonentity. However, no hardship is imposed by requiring the exact names of parties in possession for they are the petitioners. We do not feel that any useful purpose would be served by being so strict in requiring such definite names of the "persons having an apparent interest". Indeed, in the Lorish case Judge Reno intimated that the designation of those persons as "the heirs of William Schmoyer" would have been proper had it appeared of record that they had in fact an apparent interest.

In what appears to be the great majority of cases some designation such as was used in this case has been the common practice among the members of the bar. In a large number of cases, as far as advertising is concerned, the respondents are designated as a class as "the heirs and assigns" of the person having the last deed of record. Consequently we do not feel inclined to single out this particular proceeding in which to require great exactitude in naming the respondents, which at the very best is often a difficult task.

By this we do not mean to be critical of the trustee, whose careful and thorough investigation of this matter is clearly manifested by his answer. However, he was appointed to represent the interests of such persons as might not be aware of the proceedings; he was served personally; and has decided that they have no interest which needs protection.

Therefore, while it may have been better practice to name specifically all those persons who are enumerated in the petition, we do not believe that a failure to do so is fatally defective in this case.

And now, October 5, 1944, a decree of final judgment will be entered separately.